Esther JAMISON, as Intended Administratrix of the Estate of Rayvon Jamison, Deceased, Esther Jamison, as Parent and Natural Guardian of Tiffany Jamison, an infant, Esther Jamison, Individually, and Marion Jamison, Plaintiffs,

v.

DANCE'S SPORTING GOODS, INC., Defendant.

No. 92 Civ. 5304 (MGC).

United States District Court, S.D. New York.

June 7, 1994.

Stockfield &.Fixler, Carmel, NY by Robert W. Folchetti, for plaintiffs.

White, Fleischner, Fino & Wade, New York City by John Mulcahy, for defendant.

CEDARBAUM, District Judge.

Defendant is a retail gun dealer. Plaintiffs' claims arise from the tragic death of a young child, Rayvon Jamison, who was killed in New York by a bullet fired from a pistol sold by defendant in Virginia to a person who misplaced the gun and never saw it again. Defendant moves for summary judgment under Fed.R.Civ.P. 56. For the reasons discussed below, the motion is granted.

### Undisputed Facts

The parties have completed discovery, and the following facts are undisputed. Gary Gee is a disabled veteran with a history of mental illness. He has been diagnosed as schizophrenic, suffers from depression, has been hospitalized for psychiatric treatment many times, and has been prescribed medications including Doxepin, Benadryl, and Haldol. At a deposition, Gee testified that when he does not take his medication he gets "frustrated," "uptight," and "I have a lot of negative thoughts being on my mind. I feel like hurting somebody or someone."

On July 19, 1990, Gee did not take his medication. He had not taken it for two or three weeks prior to July 19, 1990. On that day, Gee purchased a pistol at defendant's store in Petersburg, Virginia. Timothy Smith was the clerk who waited on Gee. Before selling Gee the gun, Smith verified Gee's identity by examining Gee's driver's license. It was Smith's usual practice to refer customers who acted "odd or strange" to the store manager. Smith did not refer Gee. In addition, before selling the pistol, Smith had Gee fill out the required state and federal forms. The forms are virtually identical and Question 8e on each asked, "Have you ever been adjudicated mentally defective or have you ever been committed to a mental institution?" Gee answered "No" to each question and signed both forms. The federal form is known as the "F 4473."

In addition to having Gee complete the required forms before transferring the pistol, Smith telephoned the State Police for authorization to complete the sale. The Virginia State Police granted the required clearance, and gave Smith an authorization number which he wrote on the state form. Before granting a gun dealer authorization to sell a firearm, the Virginia State Police check to see whether the potential purchaser has a criminal record, but not whether he has a history of mental illness. Smith did not independently investigate Gee's background before selling him the pistol.

On the way home from defendant's store, Gee stopped at a liquor store, bought a half-pint of Canadian Mist, and drank it. He then went to a bus station to use the restroom. Gee left the pistol and a box of ammunition in a bag in a stall in the restroom. Gee then went home to "sleep it off." Later that day when Gee awoke, he realized that he had lost his gun, and reported the loss to the police.

Eleven days after Gee left the gun in the Petersburg bus station, Rayvon Jackson was killed by a bullet shot from that gun in Bronx, New York. There is no evidence that either defendant or Gee were involved in transporting the gun from Virginia to New York or in the shooting.

Defendant has been a federally-licensed firearms dealer since 1976. Plaintiffs have proffered evidence that in the two years prior to the gun sale to Gee, defendant had been cited for numerous violations of federal firearms laws, including the sale of pistols to customers who did not properly complete form F 4473.

### Discussion

Plaintiffs do not assert a claim of common law negligence. Their claims against defendant are based exclusively on negligence per se. Under 18 U.S.C. § 922(d)(4):

(d) It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—

.    .    .    .    .

(4) has been adjudicated as a mental defective or has been committed to any mental institution.

Plaintiffs argue that by selling a pistol to Gary Gee, defendant violated this statute; that defendant's violation of § 922(d)(4) was negligence per se; and that defendant's per se negligence caused the death of Rayvon Jackson.

Summary judgment is appropriate if, after a full opportunity to complete discovery, a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Plaintiffs have been unable to make such a showing.

An essential element of plaintiffs' claim of negligence per se by violation of § 922(d)(4) is that when Smith sold the gun to Gee, Smith knew or had reasonable cause to believe that Gee had been adjudicated a mental defective or had been committed to a mental institution. Plaintiffs have not proffered any evidence that would support such an inference. In opposing defendant's motion, plaintiffs refer to three pieces of evidence. First, they point to Gee's testimony that he gets "frustrated" and "upset" when he does not take his medication and that he had not taken his medication for two or three weeks prior to purchasing the gun. But plaintiffs make no showing that Smith knew or had reasonable cause to believe that Gee was "upset" when he bought the pistol. Nor do plaintiffs make any showing that the gun seller should have been aware that Gee had previously been institutionalized.

Plaintiffs' second piece of evidence is the fact that Gee made a mistake in filling out F 4473, the federal form. Question 8 has a heading and eight subparts labelled "a" through "h." The heading states, "CERTIFICATION OF TRANSFEREE (Buyer)— An untruthful answer may subject you to criminal prosecution. Each question must be answered with a 'yes' or a 'no' inserted in the box at the right of the question." On each form, Gee wrote "no" in the space following this heading in addition to writing "no" in the

indicated box following each separately lettered question. Plaintiffs argue that, "Had Mr. Smith bothered to examine the form, this irregularity should have alerted him to the fact that something was amiss." Plaintiffs are clutching at straws. A simple mistake in filling out a government form is not evidence of mental deficiency.

Finally, plaintiffs argue that the fact that defendant had been cited for violations in connection with previous firearm sales is evidence that defendant violated § 922(d)(4) in connection with the sale to Gee. This argument is unpersuasive. The statute makes it unlawful to sell a handgun to a person who the transferor knows or has reasonable cause to believe "has been adjudicated as a mental defective or has been committed to any mental institution." None of the evidence plaintiffs offer concerning defendant's previous conduct tends to make it more probable that Smith knew or should have known of Gee's history of mental illness.

In sum, there is nothing before the court that would support an inference that Smith knew or had reasonable cause to believe that Gee had been "adjudicated as a mental defective or [had] been committed to any mental institution." Thus, plaintiffs have failed to make a showing that at trial they could prove the existence of an element essential to their case, that Smith violated 18 U.S.C. § 922(d)(4). In view of plaintiffs' inability to establish negligence per se, I do not reach the question of whether plaintiff could show proximate cause.

Accordingly, defendant's motion must be granted. The clerk is directed to enter judgment for defendant.

SO ORDERED.